ALFRED CARLSON *et al. vs.* UNITED RAILWAY SIGNAL CO. *et al.*

MARCH 19, 1923.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

*(1) Liability Insurance. Construction of Statutes.*

Pub. Laws, cap. 1268 (1915), sec. 9, provided that every policy insuring against liability for personal injuries should contain provisions that the insurer should be directly liable to the injured party and such injured party might join the insurer as a defendant.

Pub. Laws, cap. 2094 (1921), provided that every policy "hereafter written shall contain provisions that the insurer shall be directly liable to the injured party" but such injured party "shall not join the insurer as a defendant."

An insurer had entered into a contract with the principal defendant in accordance with cap. 1268 previous to the enactment of cap. 2094. The accident to plaintiff occurred subsequent to the passage of cap. 2094.

In an action by plaintiff both the insured and insurer were joined as parties defendant and on motion insurer was dismissed.

*Held,* error, as cap. 2094 was not retroactive in modifying or amending cap. 1268, but the acts conferred substantial rights which were not in conflict.

TRESPASS ON THE CASE for negligence. Heard on exception of plaintiff and sustained.

VINCENT, J. . This is an action of trespass on the case for negligence. It is brought against the United Railway Signal Company, the United States Fidelity and Guaranty Corporation being joined as a party defendant under the provisions of Section 9, Chapter 1268 of the Public Laws.

The United States Fidelity and Guaranty Corporation had entered into a contract of insurance with the United Railway Signal Company, in accordance with Chapter 1268 of the Public Laws, previous to the 27th day of April, 1921, the date on which Chapter 2094 of the Public Laws was enacted. The United Railway Signal Company pleaded the general issue. The United States Fidelity and Guaranty Corporation filed a motion asking that the action be dismissed as against that corporation on the ground that Section 9 of said Chapter 1268, which authorized the join-

ing of the insurer as a defendant, had been modified, amended or repealed by Chapter 2094 of the Public Laws.

The Superior Court granted the motion to dismiss, holding that the insurer would be liable under either statute and that the difference between the two chapters, 1268 and 2094, is merely in the mode of procedure, in which no one can claim a vested right. The contract between the Signal Company and the Guaranty Corporation, whereby the latter insured the former against accidents resulting in personal injuries suffered by employees, was executed and became operative prior to the passage of Chapter 2094. The accident to the plaintiff Carlson occurred on August 27, 1921, subsequent to the passage of said Chapter 2094.

The plaintiffs' exception is to the decision of the trial court dismissing the suit as against the Guaranty Corporation.

Chapter 1268 was passed April 24, 1915. By section 9 of that act it was provided that, "Every policy hereafter written insuring against liability for personal injuries, other than payment of compensation under this act, shall contain provisions to the effect that the insurer shall be directly liable to the injured party . . . to pay him the amount of damages for which such insured is liable. Such injured party . . . may join the insurer as a defendant . . . ." Chapter 2094, passed April 27, 1921, provides that, "every policy hereafter written insuring against liability for property damages or personal injuries or both . . . such injured party . . . shall not join the insurer as a defendant."

It is evident that if the policy insuring the Signal Company against liability for personal injuries contained a provision permitting plaintiffs to join the insurer as a defendant such a privilege was a part of the contract between the parties. That such a provision was contained in the policy is not disputed. The later act, Chapter 2094, does not seek by its terms nor does it appear to have been intended to affect the rights of plaintiffs in accident cases

accruing to them under Chapter 1268 prior to the passage of Chapter 2094.

In fact the operation of Chapter 2094, in so far as it relates to the right to join the insurer as a defendant, is expressly limited to policies which shall be· written subsequent to the passage of that act April 27, 1921. Chapter 2094 is not retroactive in the sense that it modifies or amends Chapter 1268. These acts cover two distinct sets of policies, the one issued prior to April 27, 1921, and the other after that date.

We do not think that a matter of procedure is the only thing here involved but that on the contrary the acts in question clearly confer substantial rights which are not in conflict. As it appears to us, the decision of the Superior Court dismissing the suit as against the United States Fidelity and Guaranty Corporation was erroneous and must be reversed.

The plaintiffs' exception is sustained and the case is remitted to the Superior Court with direction to reinstate the said United States Fidelity and Guaranty Corporation as a party defendant and for further proceedings.

*Daniel P. Macdonald,* for plaintiff.

*Huddy, Emerson & Moulton,* for defendants.